Dan G. Steagall v. Commissioner. Frederick T. Woolverton v. Commissioner.
Dan G. Steagall v. Commissioner
Docket Nos. 33049, 33050.
United States Tax Court
1953 Tax Ct. Memo LEXIS 373; 12 T.C.M. (CCH) 127; T.C.M. (RIA) 53045; February 12, 1953
*373 Held, under all the facts, petitioner and his wife intended to join together in good faith and with a business purpose in the conduct of a partnership to buy and sell used automobiles. William R. Frazier, Esq., and James P. Hill, Esq., for the petitioners. William W. Oliver, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion The respondent determined deficiencies in docket number 33049 in the sums of $587.82 for 1945 and $28.65 for 1946; and in docket number 33050 in the sums of $9,247.94 for 1945 and $2,560.08 for 1946. One issue common to both dockets was disposed of at the hearing by agreement of the parties. After these consolidated proceedings were heard, the respondent acquiesced in the decision of , on September 4, 1952. As a result of such acquiescence, the respondent conceded the remaining issue in docket number 33049, and one of the issues in docket number 33050, leaving only the issue as to whether petitioner's wife was a bona fide partner in a partnership consisting of petitioner, his wife, and Dan G. Steagall. Petitioners claim that they have overpaid their taxes for 1946. *374 Findings of Fact The petitioner in docket number 33050 is an individual residing in Ponte Vedra Beach, Florida. His income tax returns for the calendar years 1945 and 1946 were filed with the collector of internal revenue for the district of Florida. On June 5, 1943, petitioner and his wife, Margaret W. Woolverton (hereinafter referred to as Margaret), formed a partnership with Byron C. Crawford and his wife, Hazel G. Crawford, known as Fort Marion Associates. This partnership was organized for the sole purpose of buying and selling some automobile radios. The major part of the buying and selling was done in the summer of 1943, and was completed by the end of that year. The partnership earned profits for the period ended December 31, 1943, aggregating $28,093.59. The amount of the profits distributable to each partner was as follows: Byron C. Crawford
$ 7,023.40
Hazel G. Crawford
7,023.40
Frederick T. Woolverton
7,023.40
Margaret W. Woolverton
7,023.39
$28,093.59
Margaret invested $4,000 in Fort Marion Associates which she borrowed from the Barnett National Bank of Jacksonville, Florida. She gave her personal note to the bank as security for the loan *375 and repaid the note from her share of the partnership earnings. The petitioner did not endorse the note. Fort Marion Associates was dissolved on December 31, 1944. Petitioner agreed that the income received by Margaret from Fort Marion Associates should be taxed to him. Margaret received refund checks for the amounts thus excluded from her income, and reimbursed her husband for the additional tax asserted against him. Downtown Oldsmobile Used Cars (hereinafter referred to as Olds Used), the partnership here in question, was formed on August 6, 1943, for the purpose of buying and selling used automobiles. The partners and the capital invested by each were: Margaret W. Woolverton
$ 5,000
Frederick T. Woolverton
4,000
Dan G. Steagall
1,000
Total
$10,000 The capital contributed by Margaret originated from her share of the profits earned by Fort Marion Associates. At the outbreak of World War II, the petitioner was the sole owner of Downtown Oldsmobile Company (hereinafter called the Company), a corporation, which had a franchise to sell Oldsmobile automobiles. Steagall had been an employee of the Company since 1936. Because of the war, the supply of new cars *376 was cut off and the business of the Company was limited to service and parts sales. There was insufficient business to justify retaining Steagall in the Company, but petitioner wished to continue in association with Steagall and Olds Used was formed with Steagall as its manager. He was in complete control of the operation of the partnership. Petitioner rendered no substantial service to the partnership and Margaret rendered none. Steagall received a salary for his services in addition to his distributive share of the earnings. The partnership agreement provided originally that profits and losses would be shared as follows: Frederick T. Woolverton
36%
Margaret W. Woolverton
45%
Dan G. Steagall
19% The original agreement was amended on May 1, 1946, to change the distribution of profits and losses in accordance with invested capital as follows: Frederick T. Woolverton
40%
Margaret W. Woolverton
50%
Dan G. Steagall
10% Steagall, at that time, had returned to the Company as vice-president and sales manager and no longer operated Olds Used. The partnership was dissolved early in 1947. In 1945, an agent of the Bureau of Internal Revenue examined *377 the books of Olds Used for the years 1943 and 1944 and, as a result thereof, petitioner and Margaret signed agreements with the Bureau consenting to the taxation of the income of Olds Used to petitioner for the years 1943 and 1944. This was done on the advice of a certified public accountant and not upon the advice of an attorney. Subsequently the petitioner, upon further advice of his accountant, filed a gift tax return on March 15, 1945, for the year 1943 showing thereon as gifts to Margaret the $4,000 borrowed from the Barnett National Bank in 1943, and her share of the profits from Fort Marion Associates and Olds Used to December 31, 1943. A statement attached to the gift tax return was as follows: "On June 1, 1943, my wife, Margaret W. Woolverton borrowed from the Barnett National Bank, Jacksonville, Florida, the sum of $4,000.00, which she used to acquire a partnership interest in the Fort Marion Associates. This interest resulted in profits to her of $7,023.40 and she withdrew these profits and used $5,000.00 of these on August 1, 1944 * to acquire a partnership interest in the Downtown Oldsmobile Used Cars, which resulted in profits to her for the year ended December 31, 1944 of *378 $7,684.40. The Collector of Internal Revenue disallowed her as a partner in both of these companies and assessed income taxes against me on a joint return basis. This action by the Collector of Internal Revenue is the reason this return is being filed at this late date." Margaret had complete control over her distributive share of the profits of Olds Used. She deposited all of her profits in her personal checking account and, later, made various investments with them. None of the money was used for household expenses. Petitionar and Margaret intended to join together in good faith and with a business purpose in the conduct of the business of Olds Used. Opinion RICE, Judge: Our findings of fact are dispositive of the partnership issue in docket number 33050. We feel that the facts therein fall within and are controlled by the facts and the doctrine enunciated in ; and, since the acquiescence by respondent in the Sullenger case, supra, settles the only issue in docket number 33049 and the remaining issue in docket number 33050, we hold for petitioners in both dockets. *379 Decisions will be entered under Rule 50. Footnotes
*. Evidently an error as the record indicates it was 1943.↩